FILED
2015 Mar-13 PM 02:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE U.S. DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID MCCLURE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: |
| | ) |
| MIDLAND FUNDING LLC, and | ) |
| MIDLAND CREDIT | ) |
| MANAGEMENT, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes Plaintiff, David McClure ("McClure") and files this complaint against Midland Funding, LLC ("Midland") and Midland Credit Management, Inc. ("MCM") (collectively the "Defendants") for violation of the Fair Debt Collection Practices Act and state law. In support thereof, McClure alleges as follows:

## NATURE OF THE ACTION

Midland and MCM are debt collectors. On or about March 15, 2014, Midland and MCM sent a collection letter to McClure demanding payment of $20,654.20 based on a purported credit card debt. The amount demanded by the Defendants included both the original $17,783.96 debt assigned by Chase Bank, N.A., and an additional $2,870.24 in "interest" that Midland itself had purported to assess on the debt after purchasing it from Chase.

Midland and MCM had no legal basis for their claim for interest. Chase, the original creditor, waived the right to assess additional interest when it charged off the account, and Delaware law does not permit the collection of prejudgment interest on credit cards outside of amounts authorized by contract.

Midland and MCM's attempt to collect interest from McClure to which they are not legally entitled constitutes a violation of the Fair Debt Collection Practices Act and of the implied duty of good faith and fair dealing that Midland and MCM owe McClure under Delaware law.

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff McClure is a natural person residing in Madison County, Alabama.

2. Defendant Midland Funding LLC ("Midland") is a Delaware limited liability company with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, California 92123.

3. Defendant Midland Credit Management ("MCM") is a Kansas Corporation with its principal place of business at 8875 Aero Drive, Suite 200, San Diego, California 92123.

4. This Court has subject matter jurisdiction over this case under 28 U.S.C. §1331 because it arises under a federal statute, 15 U.S.C. §1692k.

5.     This Court has personal jurisdiction over Defendant Midland and MCM because (1) the events that are the basis of this lawsuit occurred in Alabama and because (2) Midland and MCM regularly conduct business in the state of Alabama.

6.     Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

7.     McClure is a "consumer" within the meaning of that term under 15 U.S.C. §1692a(3).

8.     Midland is a "debt collector" within the meaning of that term under 15 U.S.C. §1692a(6). Midland is engaged in the business of collecting debts incurred, or alleged to be incurred, for personal, family or household purposes.

9.     MCM is a "debt collector" within the meaning of that term under 15 U.S.C. 1692a(6). MCM is engaged in the business of collecting debts incurred, or alleged to be incurred, for personal, family or household purposes.

10.    Midland and MCM work as a joint venture in the collection of debts. Midland, which has no employees of its own, purchases "charged off" consumer credit card accounts from original creditors at deep discounts to face value.

MCM's employees then supervise the collection of those debts as the agents and representatives of Midland.

11. On or about June 16, 2005, a revolving credit plan, within the meaning of 5 Del. C., §941 *et seq.*, was opened in McClure's name with Chase Bank, N.A. ("Chase") under account number ************6297 ("Account").

12. When the Account was opened, the parties agreed that it was governed by the terms and conditions stated in a standard form "Cardmember Agreement" ("Account Agreement") created by Chase.

13. Among other things, the Account Agreement contained a choice-of-law provision stating that the Account was governed by Delaware law.

14. On or about October 30, 2009, Chase charged off the Account as a loss. The amount that Chase claimed was due on the Account at time of charge-off was $17,783.96.

15. When it charged off the Account, Chase waived the right to collect additional interest and ceased adding interest to the Account and/or sending monthly account statements.

16. Over a year later, on November 30, 2010, Chase entered into a Credit Card Account Purchase Agreement, also known as a forward flow agreement ("Forward Flow Agreement"), with Midland. Under the terms of the Forward

Flow Agreement, Chase agreed to sell charged off accounts to Midland on a continuing basis as Chase identified eligible accounts.

17. The Forward Flow Agreement provided that Midland Funding was purchasing the accounts from Chase in order to collect the "Unpaid Balances" due on those accounts. The Forward Flow Agreement expressly defines "Unpaid Balances" to exclude any post charge-off interest:

> "Unpaid Balance" means, as to any Account, the total outstanding unpaid balance, as shown on Seller's books and records as of the last Business Day prior to the File Creation Date (including all amounts due in respect of purchases, cash advances, finance charges, payments and credit adjustments, late fees, return check charges, overlimit fees and all other applicable fees and charges) excluding post charge-off interest.

November 30, 2010 Forward Flow Agreement, p. 4.

18. On or about June 30, 2011, Chase assigned the Account in McClure's name to Midland. This assignment was made pursuant to the terms of the November 30, 2010 Forward Flow Agreement.

19. On March 15, 2014, Midland and MCM initiated collection efforts on the Account by sending a letter to McClure entitled "Pre-Legal Notification." The letter demanded that McClure pay the "Current Balance" of $20,654.20. This amount included the $17,783.96 "Previous Balance" on the Account as calculated by Chase, and an additional $2,870.24 in post charge-off "Accrued Interest" which

Midland and MCM purported to assess on their own. Ex. A [March 15, 2014 Collection Letter].

20. The letter further stated that McClure "owed" the "Current Balance" and would incur additional interest charges if he did not complete arrangements to begin paying that balance down:

> As of the date of this letter, you owe the amount listed in this letter as Current Balance. This amount will remain the amount due, until the Due Date listed on the front side of this letter. If we do not receive the Minimum Payment by the Due Date, the amount you owe may be greater because the interest that may vary from day to day. In the event you fail to complete arrangements, interest will be applied from the date it was stopped and added to the Current Balance.

Ex. A [March 15, 2014 Collection Letter].

21. Midland and MCM purported to assess the additional $2,870.24 of post charge-off interest under Alabama's prejudgment interest statute even though they know that Delaware law governs Chase's credit card agreements.

22. Delaware law does not permit the collection of prejudgment interest on credit card accounts except as authorized by the parties' agreement. Here, Chase waived that right under the agreement, and did not assign or transfer the right to charge interest to Midland and MCM.

23. On or about July 1, 2014, Midland filed suit against McClure in Alabama state court. Midland's suit claimed that McClure owed it the $17,783.96, plus court costs.

24. Midland's suit did not attempt to claim the prejudgment interest demanded by its collection letter because Midland and MCM know that they are not legally entitled to collect that amount.

25. McClure has been damaged as a result of Midland and MCM's wrongful acts and omissions described above. Those damages include, but are not limited to, the invasion and interference with McClure's right to be free from abusive debt collection practices and causing McClure anger, anxiety, fear, and other mental anguish.

26. At all times pertinent to the allegations of this Complaint, Midland and MCM acted by and through its duly authorized agents, employees, servants attorneys, or other legal representatives, all of whom acted within the line and scope of such agency, employment, service, or representative capacity. Alternatively, Midland and/or MCM adopted, affirmed, and /or ratified the acts or omissions of its agents, servants, employees, attorneys, or legal representatives as its own with regard to the allegations of this complaint.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *et seq.*

(Both Defendants)

27. Midland and MCM used false, deceptive, and misleading representations in an attempt to collect a debt. Those misrepresentations include,

but are not limited to: (1) that McClure owed Midland and MCM $20,654.20, including $2,870.24 in "Accrued Interest," (2) that Midland and MCM were legally entitled to add post charge-off interest to the Unpaid Balance that it purchased from Chase at the Alabama prejudgment interest rate of six percent (6%) when it knew that Delaware law governed the agreement, and/or (3) that Midland and MCM would add additional interest onto the debt allegedly owed by McClure after March 15, 2014 if he failed to complete arrangements to pay the Current Balance (including interest) claimed by Midland and MCM.

28.  Midland and MCM's conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692e(2), (5), (6), and (10).

29.  Midland and MCM used unfair and/or unconscionable means in an attempt to collect the alleged debt from McClure.  Midland and MCM's unfair and/or unconscionable means include, but are not limited to: (1) attempting to charge interest after it purchased only the right to collect the Unpaid Balance and not post charge-off interest, (2) attempting to charge interest when it did not possess a copy of the parties' cardmember agreement and does not know what the agreement provides regarding post charge-off interest, and/or (3) threatening to add additional interest if McClure failed to make arrangements to pay the balance due when Midland and MCM knew it was not entitled to add interest and/or had no intention of doing so.

30. Midland and MCM's conduct identified above violated the applicable provisions of the FDCPA, including 15 U.S.C. §1692f and subsection (1) to that provision.

31. Midland and MCM's violations detailed above were done intentionally and with knowledge.

32. As a result of Midland and MCM's violations of the FDCPA, McClure has been damaged. McClure is entitled to statutory damages, actual damages, and all costs and reasonable attorney's fee pursuant to the relevant provisions of the FDCPA.

## SECOND CAUSE OF ACTION
## BREACH OF THE IMPLIED DUTY OF GOOD FAITH
## AND FAIR DEALING

(Both Defendants)

33. Delaware law implies a duty of good faith and fair dealing into every contract.

34. Midland and MCM breached the implied duty of good faith and fair dealing they owed McClure under the Cardmember Agreement by, among other things, (1) seeking to collect post charge-off interest when Chase waived the right to collect such interest and expressly excluded the right to collect such interest in the rights it assigned to Midland and MCM, and (2) representing to McClure that it could and would assess additional interest if he failed to complete arrangements to

9

pay the amount demanded by Midland and MCM within thirty (30) days when it knew that it lacked the legal right and/or had no intention of doing so.

35. McClure has been damaged as a result.

WHEREFORE, McClure demands judgment against Midland and MCM awarding the following relief:

A. Actual, compensatory and consequential damages, including mental anguish damages, in such an amount as the trier of fact determines;
B. Statutory damages pursuant to 15 U.S.C. §1692 *et seq.*;
C. Such interest as allowed by law;
D. The costs of this suit, including plaintiff's reasonable attorney's fee; and,
E. Such additional relief as the Court deems just and equitable.

Respectfully submitted, this 13th day of March, 2015.

>/s/ David L. Selby, II
> David L. Selby, II (ASB-6994-Y62D)
> *One of the Attorneys for Plaintiff,*
> *David McClure*

**OF COUNSEL:**

David L. Selby, II
BAILEY & GLASSER, LLP
3000 Riverchase Galleria, Suite 905
Birmingham, AL 35244
Tel: (205) 988-9253
Fax: (205) 733-4896
Email: dselby@baileyglasser.com

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY FOR ALL CLAIMS SO TRIABLE.

>   /s/ David L. Selby, II
>   David L. Selby, II
>   *One of the Attorneys for Plaintiff,*
>   *David McClure*